IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00193-CV

 

Sue Walston,

                                                                      Appellant

 v.

 

Larry Walston, WILLIAM V.

DUNNAM,
JR., C. VANCE DUNNAM,

JAMES
R. DUNNAM, J. ROBERT 

ANGEL,
DUNNAM & DUNNAM, LLP,

JAMES
H. STEWART, JIM STEWART,

REALTORS,
INC., AND CENTRAL

TRANSPORTATION
SYSTEMS,

                                                                      Appellees

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 92-3724-1

 



ORDER










 

            Sue
Walston’s appeal of the severance and judgment against her on her claims
against James H. Stewart and Jim Stewart Realtors, Inc. is pending in case
number 10-05-00135-CV.  Walston’s appeal of the judgment against her on her
claims against Larry Walston, William V. Dunnam, Jr., C. Vance Dunnam, James R.
Dunnam, J. Robert Angel, Dunnam & Dunnam, LLP, and Central Transportation
Systems, being all the remaining defendants in her original suit, is pending in
case number 10-05-00193-CV.

            Walston
continues to treat the Stewart parties as parties in the appeal from the
original suit as well as parties in the severed suit.  

            The
Stewart parties have filed a motion to dismiss them as parties to the second
appeal, 10-05-00193-CV, because, they contend, they were severed from the
remaining defendants and are not a party to the underlying judgment from which
Walston is appealing.  Walston has recently filed various motions in both
appeals.  Those include a motion for extension of time to file a formal bill of
exception in case number 10-05-00193-CV, and a motion to consolidate the
appeals in 10-05-00135-CV and 10-05-00193-CV.

            Walston’s
motions are granted in part and denied in part.  The Stewart parties’ motion is
granted in part and denied in part as more fully explained below.

            Walston’s
time to file a formal bill of exception is extended until August 10, 2005.  No
further extensions will be entertained.

            The
appeals in case numbers 10-05-00135-CV and 10-05-00193-CV are combined for the
purpose of the use of the record.  The record in 10-05-00135-CV will be used in
10-05-00193-CV and we will accept a supplemental record as necessary for additional
documents in 10-05-00193-CV that relate only to that appeal.  

            All
complaints, however, about the severance and judgment in case number
10-05-00135-CV must be briefed and will be disposed of in that appeal.  The
Stewart parties are not, at this time, parties to case number 10-05-00193-CV.

            Any
determination regarding oral argument will be permitted in these two appeals
and whether the arguments, if permitted, will be combined will be made at a
later date.

            Accordingly,
in summary,

1.                 
Walston’s motion for extension of time to file a formal bill of
exception is granted.  The bill is due August 10, 2005.

 

2.                 
Walston’s motion to consolidate appeals is denied except to the extent
that the record from case number 10-05-00135-CV will be regarded as also filed
in case number 10-05-00193-CV.  The request for a consolidated argument is
taken under advisement.

 

3.                 
The Stewart parties’ motion to dismiss is granted in part.  The Stewart
parties are not parties to case number 10-05-00193-CV and should not be served
with copies of documents filed in that appeal.  The Stewart parties’ request
for attorney’s fees is denied.

 

 

                                                                                    PER
CURIAM

Before Chief Justice Gray,

            Justice Vance, and

            Justice Reyna

(Justice Vance concurring)*

Order issued and filed July 22
2005

Do not publish

[CV06]

 

* “(Justice Vance concurs in the
order, but would grant the Stewart parties’ request for attorney’s fees.).”